■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE KOWALSKI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated November 7, 1963, which denied after a hearing his application to vacate a judgment of the former County Court, Queens County, rendered November 22, 1955 after trial, convicting him of burglary in the third degree and grand larceny in the first degree, and imposing sentence. Order reversed on the law and the facts, and application granted to the extent of vacating this court's prior order dismissing defendant's appeal from the judgment of conviction and reinstating such appeal. In our opinion, the proof adduced at the hearing upon this *coram nobis* application indicated that defendant's right to appeal from the judgment of conviction had been frustrated by the neglect of his former assigned counsel. Therefore, this court's dismissal of the appeal from the judgment for lack of prosecution should be vacated and the appeal reinstated. (*People* v. *Adams,* 12 N Y 2d 417, 421.) On the court's own motion, Anthony F. Marra, Esq., 100 Centre Street, New York, N. Y., is assigned as counsel to prosecute the appeal; and, pursuant to statute (Code Crim. Pro., § 456), the Clerk of the trial court is directed to furnish without charge to appellant's counsel a transcript of the minutes of the trial. The appeal will be heard on the original papers (including the typewritten minutes) and on appellant's typewritten brief. The appellant is directed to file six copies of his typewritten brief and to serve one copy on the District Attorney. Appellant's time to perfect the appeal is enlarged. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ ROSAL PROPERTIES, INC., Appellant, v. STATE UPHOLSTERY CORP., Respondent.— In an action to recover for rent due under a written lease and for damages, in which preclusion orders had been entered against the respective parties by reason of their failure to serve bills of particulars upon each other, the plaintiff appeals from an order of the Supreme Court, Orange County, dated February 8, 1963, which denied its motion to compel the defendant to accept its late bill of particulars. Order reversed, without costs; plaintiff's motion granted; and defendant directed to accept the plaintiff's late bill of particulars on the following conditions: (a) that plaintiff shall serve its bill within 20 days after entry of the order hereon; and (b) that the plaintiff shall accept the defendant's late bill of particulars, which shall be served within 20 days after its receipt of the plaintiff's bill of particulars. In our opinion, the learned Special Term improvidently exercised its discretion in denying the motion upon the erroneous assumption that all activities in this case came to an end in December, 1961. The record indicates that in March, 1962 and August, 1962 the plaintiff took further steps in attempting to ready this case for trial. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.